**IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF TEXAS SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **Diana Hinojosa-Schroeter, RN,** | § | **CIVIL COMPLAINT NO:** |
| **Plaintiff,** | § | 5:19-cv-01297 |
| **V.** | § | |
| **RYAN D. McCARTHY,** *ACTING* | **§** | |
| **SECRETARY, DEPARTMENT** | § | |
| | § | |
| **OF THE ARMY, and** | § | |
| **STEVEN CRAIG** | § | |
| **Defendants.** | | **PLAINTIFF DEMANDS A JURY TRIAL** |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes DIANA HINOJOSA-SCHROETER, R.N. hereinafter referred to as the Plaintiff, complaining of RYAN D. McCARTHY, ACTING SECRETARY, DEPARTMENT OF THE ARMY, and Steven Craig, hereinafter referred to as the "Defendants", and for her causes of action against Defendants, Plaintiff pleads as follows:

## NATURE OF THE CASE

(1) This is a civil action brought by Mrs. Hinojosa-Schroeter under the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. and 42 U.S.C. § 2000e-16.   Plaintiff claims that the Defendants discriminated against her because of her race and sex. Defendants then retaliated against her for complaining about acts of discrimination, in violation of Title VII.

(2) Defendant Craig verbally abused Mrs. Hinojosa-Schroeter and then intentionally inflicted emotional distress after he became aware of

report(s) regarding his offensive and abusive conduct that Mrs.

Hinojosa-Schroeter made to the Office of the Provost Marshal at

Brooke Army Medical Center, Fort Sam Houston,Texas.

## JURISDICTION

(3) This Court has jurisdiction of this civil action against the Army under the provisions of 28 U.S.C. *§§* 1331, 1343, and 42 U.S.C. §§ 2000(e) et. seq.; 29 C.F.R. § 1614.407 (d).

(4) "Title VII of the Civil Rights Act of 1964, as amended, 42 § U.S.C. 2000(e) et. seq., prohibits discrimination on the basis of race, color, religion, sex, or national origin in federal and private employment." *Fitzgerald v. Secretary, U.S. Dept. of Veterans Affairs*, 121 F.3d 203, 206 (5th Cir. 1997).

(5) This Court has supplemental jurisdiction over Plaintiff's state law IIED claim against Steven Craig individually pursuant to 28 U.S.C. § 1367(a).

## VENUE

(6) Venue of this civil action is proper in the San Antonio Division of the Western District of Texas inasmuch as the unlawful discriminatory and retaliatory acts of which the Plaintiff complains occurred in the Western District of Texas, San Antonio Division.

## PARTIES

(7) The Plaintiff, MRS. DIANA HINOJOSA-SCHROETER, is an individual citizen of the United States who resides in New Braunfels, Comal County, Texas. At all times material and relevant hereto, the Plaintiff was an "employee" [as that term is defined at 42 U.S.C. *§* 2000e (f), and 29 U.S.C.

§ 630(f)] of the Department of the Army, and was assigned to work at

Brooke Army Medical Center, Fort Sam Houston, Texas.  Mrs. Schroeter

is an Hispanic female.

(8)        The Defendant, RYAN D. McCARTHY, is the *Acting* Secretary of

the Department of the Army, a military department, as defined at 5 U.S.C.§

102, of which Brooke Army Medical Center is a branch, division or

subdivision.  At all times material and relevant hereto, the Department of the

Army was the Plaintiffs "employer," as that term is defined at 42 U.S.C. §

2000e (b) and 29 U.S.C. § 630(b).

(9)        The Defendant McCARTHY may be served with summons herein

by delivering the same, together with a copy of this Complaint, by certified

mail, return receipt requested, to Ryan D. McCarthy, Acting Secretary,

Department of the Army, at 101 Army Pentagon, Washington, DC 20310-

0101; to Mr. William H. Barr, Attorney General of the United States, at the

U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington,

D.C. 20530-0001; and to Mr. John F. Bash, United States Attorney for the

Western District of Texas, Attention: Civil Process Clerk, Ms. Stephanie

Rico, at 601 NW Loop 410, Suite 600, San Antonio, Texas 78216.

(10)        For purposes of applying the provisions of 42 U.S.C. § 1981a, the

Plaintiff alleges that the Defendant has employed more than 500

employees in each of 20 or more calendar weeks in the current or

preceding calendar year.

(11)        LTC Steven Craig is an individual who may be served with process at

his residence, 18202 Emerald Oaks Drive, San Antonio Texas 78259, or, in the Brooke Army Medical Center's Interventional Radiology Department during business hours, or wherever he may be found.

## **FACTS**

(12)    At the times material and relevant hereto, the Plaintiff, Mrs. Hinojosa-Schroeter, was employed by the BAMC Defendant as a Supervisory Nurse, GS-0610-12, assigned to the Interventional Radiology Department, Brooke Army Medical Center, Fort Sam Houston, Texas. LTC. Steven Craig was the Director of Interventional Radiology, and her second level supervisor was Col. Michael Clemenshaw.

(13)    The Plaintiff, alleges that, LTC. Steven Craig, and Col. Michael Clemenshaw individually, and in concert with one another, discriminated against her because of her race and sex and then retaliated against her for complaining about their discriminatory actions.

(14)    From on or about January 2018 through July 2018 LTC. Craig and Col. Clemenshaw discriminated against Mrs. Hinojosa on the basis of her race and or sex and then retaliated against her for making protected complaints about discrimination and workplace violence.

(15)    On or about March 14, 2018, Mrs. Hinojosa-Schroeter notified Col. Clemenshaw of the escalating behavior by Steven Craig that implicated the policy on Bullying and caused severe emotional distress. In response to her report, Mrs. Hinojosa-Schroeter was instructed by Col. Clemenshaw to "report it to the Provost Marshal".

(16)      Mrs. Hinojosa-Schroeter followed the directive of Clemenshaw and was accompanied to make the report by MSgt. Christopher Harris who advised her to "tell them everything" Craig had done to cause her such extreme anguish and obvious distress.

(17)      After March 14, 2018, Steven Craig was interviewed by the Provost Marshal Officer Matamoros and put on notice of the precise nature and impact that his behavior had on Mrs. Hinojosa-Schroeter.

(18)      After March 14, 2018 Steven Craig told Mrs. Hinojosa-Schroeter that he would "try to stop" yelling at her, humiliating and undermining her and making her cry to wit: engaging in the behaviors that she reported to the Provost Marshal.

(19)      After March 14, 2018, not only did Steven Craig not stop his intimidating behavior, the intensity and frequency of his offensive conduct increased and escalated to include making Mrs. Hinojosa-Schroeter cry in front of other medical and nursing staff.

(20)      On April 5, 2018, after a telephone conference with EEO personnel, in accordance with 29 C.F.R. § 1614.104, Mrs. Hinojosa formally consulted an EEO Counselor to make her complaint identified as Agency No. ARFTSAM18MAR00938. She complained to the EEO Counselor that Craig's and Clemenshaw's actions as described above were discriminatory.

**REPRISAL**

(21)     Only one day later, on April 6, 2018, after being notified by Mrs. Hinojosa-Schroeter about the EO contact, Clemenshaw and Craig set about to discover Plaintiff's hire date for the purpose of terminating her during her "probationary period".

(22)     Mrs. Hinojosa-Schroeter immediately notified the EO Counselor that she was being retaliated against for making an EO complaint as evidenced by Craig and Clemenshaw taking an affirmative step to end her employment by querying about her probationary period.

(23)     On May 1, 2018 the IR Department had an EO "sensing session" and LTC Craig stopped Mrs. Hinojosa-Schroeter from leaving the meeting and yelled at her   "YOU STAY" "YOU FILED AN EO COMPLAINT AGAINST ME" in front of her staff.

(24)     The facilitator Steve Henry publicly admonished Craig to cease and desist and then openly told him that his conduct was inappropriate.

(25)     As a supervisor, Craig's behavior was   intentional and **_per se retaliatory_** as it was reasonably likely to deter any of the other employees who were present from either personally engaging in the EEO process or to keep them from carrying out their obligations to ensure a continuing affirmative application and vigorous enforcement of the policy of equal employment opportunity.

(26)     On May 1, 2018, as a direct result of per se retaliatory behavior, Mrs. Hinojosa-Schroeter was in such extreme distress that she suffered both physical and emotional manifestation of stress that prevented her

from working and required her to take FMLA leave to seek treatment for anxiety, panic and depression related to discriminatory, retaliatory treatment in her workplace.

(27)     Mrs. Hinojosa-Schroeter amended her complaint of discrimination and reprisal to add the events described in paragraphs 20-25 above.

(28)     The EEO office refused to allow Mrs. Hinojosa-Schroeter to specify the words used by Craig that created a ***per se reprisal*** claim, minimizing the behavior in general and then repeatedly omitting the language "you filed an EO complaint against me" that was used by Craig as well as the characterization of the conduct as reprisal per se.

(29)     Mrs. Hinojosa-Schroeter experienced such emotional and physical deterioration after the May 1, 2018 incident that she was immediately placed under a physician's care and required medical leave through July 7, 2018.

(30)     On or about July 2, 2018 Dr. Craig and Clemenshaw endeavored to fire Mrs. Hinojosa-Schroeter by soliciting the Provost Marshal's office for assistance in "firing someone through the mail" and obtain assistance to collect her blackberry and computer via US Mail.

(31)     On or about July 5, 2018 Mrs. Hinojosa-Schroeter received written notice that she was terminated from employment effective July 7, 2018 for allegations of timecard fraud for not obtaining advance approval for "premium hours" even though she was a supervisor.

(32)     Mrs. Hinojosa-Schroeter was treated differently than her

male supervisor peer Armando Gonzalez with regard to time-keeping and discipline.

(33)     On, July 11, 2018 Mrs. Hinojosa-Schroeter again amended her EEO complaint to allege that more retaliatory conduct, namely termination of her employment after a retaliatory investigation.

(34)     Mrs. Hinojosa-Schroeter alleges that each and all of the actions taken by Colonel Clemenshaw and LTC Craig as described in paragraphs (20 ) through (33) above were taken **in retaliation** against her for her having engaged in protected EEO activity.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

(35)     On April 5, 2018 Mrs. Hinojosa-Schroeter made contact with the EO office.

(36)      On May 31, 2018 Mrs. Hinojosa-Schroeter made her formal EO complaint.

(37)     The investigation of Mrs. Hinojosa-Schroeter's formal EO complaint was completed, and a Report of Investigation was issued, on or about December 4, 2018.

(38)     On or about December 10, 2018 Mrs. Schroeter timely requested a hearing of her EEO complaint before an EEOC Administrative Judge.

(39)     More than 180 days have expired since the hearing request and no action was taken or decision issued. This civil action is therefore authorized under the provisions of 29 C.F.R. § 1614.407 (d).

## CAUSES OF ACTION

(40)        Mrs. Hinojosa-Schroeter now brings this civil action against the

Defendant, RYAN C. McCARTHY, ACTING SECRETARY, DEPARTMENT

OF THE ARMY, alleging that the Defendant has discriminated against her

because of her race and/or sex in violation of Title VII of the Civil Rights Act

of 1964, 42 U.S.C. § 2000e, et seq. and has retaliated against her because

of her complaints of discrimination.

(41)        Plaintiff can show that (1) she was a member of a protected class as

she is female and Hispanic; (2) she was qualified for her position of IR head

nurse as she was never counseled or disciplined for any reason until she

complained; (3) an adverse employment action was suffered in that she was

terminated; and (4) other similarly situated employees were treated more

favorably in that her peer who was male was treated better than she was and

not disciplined for timekeeping or more serious (actual) infractions to include

spending 260k of the Army's money without authority. See *Martinez v. Bohls

Bearing Equipment Co.*, 361 F.Supp.2d 608, 614–15 (W.D. Tex. 2005) (citing

*Bryan v. McKinsey & Co.*, 375 F.3d 358 (5th Cir. 2004).

(42)        To state a claim for retaliation under Title VII, Plaintiff can show that

(1) that s[he] engaged in activity protected by Title VII, specifically making

contact and then filing an EO complaint, (2) that an adverse employment

action occurred, which was the termination of her employment, and (3) that a

causal link existed between the protected activity and the adverse action, in

that she was investigated and fired after making the EO claim. See *Brandon v.*

*Sage Corp.*, 808 F.3d 266, 270 (5th Cir. 2015).

(43)       As relief from violations of law, Mrs. Hinojosa-Schroeter seeks an order of this Court directing the Defendant to (a) reinstate her to her rightful position as a Supervisory Nurse, GS-0610-12, and to pay her all back pay or wages or salary lost by her as a result of having been unlawfully fired, (b) to pay her compensatory damages for the emotional distress and mental anguish, and shame, humiliation and embarrassment, caused her by being falsely accused of time card fraud and being treated like a common criminal, (c) to pay her  reasonable attorney's fees and court costs, and (d) to restore to her all leave she was required to take because of the Defendant's discriminatory and retaliatory actions.

(44)       Mrs. Hinojosa-Schroeter also brings this civil action against the Defendant, Steven Craig in his individual capacity for Intentional Infliction of Emotional Distress under Texas law.

(45)       Mrs. Hinojosa-Schroeter can show that

(a) the defendant Craig acted intentionally or with reckless disregard of the consequences as his behavior of yelling and intimidation in that his behavior was repeated, retaliatory and increased in intensity *after* Mrs. Hinojosa-Schroeter invoked the Workplace Bullying procedures;

(b) Craig's conduct was extreme or outrageous in that he told her he would "try and stop doing it" after he not only observed her reactions to his behavior and delighted in making her cry where others could see and hear her, he had been informed by the Provost Marshal precisely what was

terrorizing her and his response was to increase the frequency and intensity of the yelling and took delight in making her cry publicly;

(c) she suffered severe emotional distress to the point where she was physically sobbing and had hives all over her body and had to take medical leave for psychiatric intervention; and

(d) Craig's conduct caused the distress as she never had the symptoms of severe anxiety, depression or PTSD in her life before encountering him and his repetitive and escalating egregious behaviors.

(46)     Mrs. Hinojosa Schroeter demands a jury trial of this civil action.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff, Mrs. Diana Hinojosa Schroeter respectfully prays that summons be duly issued and served upon the Defendant, RYAN D. McCARTHY, ACTING SECRETARY, DEPARTMENT OF THE ARMY, and Steven Craig individually and that, upon final hearing hereof, she shall have and recover judgment of and from said Defendants for the relief requested hereinabove, and for such other and further relief to which she may show herself justly entitled either at law or in equity.

Respectfully submitted,

HIGGINBOTHAM & ASSOCIATES, LLC

By: _____

Elizabeth L. Higginbotham, RN, JD
State Bar No. 00787694

One Castle Hills
1100 NW Loop 410. Suite 700
San Antonio, Texas 78213
Tel. (210) 366-8871
Fax. (866) 250-4443

texasnurselaw@outlook.com
lizh@texasnurse-law.com