UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DIANA HINOJOSA-SCHROETER, RN,

      Plaintiff,

v.                                        No. 5:19-cv-1297-JKP-HJB

RYAN D. MCCARTHY, Secretary,
Department of the Army, and
STEVEN CRAIG,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has under consideration Defendant Secretary of the Army's Motion to Dismiss. ECF No. 7. Plaintiff filed a response in opposition, *see* ECF No. 9, and Defendant filed a reply, *see* ECF No. 10. The motion is ripe for ruling. For the reasons set forth below, the Court grants in part and denies in part the motion.

**I. Basis of Suit and Grounds for Dismissal**

Plaintiff Diana Hinojosa-Schroeter is a former federal civilian probationary employee at Brook Army Medical Center, Fort Sam Houston, Texas. Mrs. Hinojosa-Schroeter asserts causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 2000e-16 and Texas state law. She alleges that her first- and second-level supervisors discriminated against her because of her race and sex and retaliated against her for reporting the alleged discrimination. *See* Pl. Original Compl., ECF No. 1 at 1-2. She further alleges that her first-level supervisor verbally abused her, causing emotional distress, after she reported his alleged misconduct. *Id.* Defendants argue that the Court must dismiss Plaintiff's complaint

pursuant to Fed. R. Civ. P. 12(b)(6) for failure to timely file this civil action and for failure to state a claim.

## II. Legal Standard

When presented with a motion to dismiss under Rule 12(b)(6), a court generally "must assess whether the complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face[.]" *United States v. Bollinger Shipyards Inc.*, 775 F.3d 255, 257 (5th Cir. 2014) (internal citations and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although a plaintiff's factual allegations need not establish the defendant is probably liable, they must establish more than a "sheer possibility" a defendant has acted unlawfully. *Id*. Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id*. at 679. Where a plaintiff's factual allegations do not provide enough information to "nudge a claim across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

In assessing a motion to dismiss under Rule 12(b)(6), the court's review is generally limited to the complaint and any documents attached to the motion to dismiss referred to in the complaint and central to the plaintiff's claims. *Tellabs Inc. v. Makor Issues & Rights Ltd.*, 551 U.S. 308, 322 (2007); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). When reviewing the complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation marks omitted) (quoting

*Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). The focus is not on whether the plaintiff will ultimately prevail, but whether he or she should be permitted to present evidence to support any adequately asserted claims. *See Twombly*, 550 U.S. at 563 n.8.

### III. Plaintiff's Allegations

Accepted as true, Mrs. Hinojosa-Schroeter alleges the following.[1] Mrs. Hinojosa-Schroeter was employed by Brook Army Medical Center as a Supervisory Nurse assigned to the Interventional Radiology Department. On or about March 14, 2018, Mrs. Hinojosa-Schroeter notified Colonel Michael Clemenshaw ("COL Clemenshaw"), her second level supervisor, of escalating behavior by Lieutenant Commander Steven Craig ("LTC Craig"), the Director of Interventional Radiology, that implicated the policy on bullying. COL Clemenshaw instructed Mrs. Hinojosa-Schroeter to report the alleged behavior to the Provost Marshal ("PM"). Mrs. Hinojosa-Schroeter followed the directive of COL Clemenshaw and was accompanied to make the report by MSgt. Christopher Harris who advised her to "tell them everything" LTC Craig had done to cause her such extreme anguish and obvious distress.

A PM officer interviewed LTC Craig and thereafter, LTC Craig told Mrs. Hinojosa-Schroeter that he would try to stop yelling at her, humiliating and undermining her, and making her cry (which were the behaviors she had reported to the PM). LTC Craig's conduct did not change after his interview with the PM but increased and escalated to include making Mrs. Hinojosa-Schroeter cry in front of other medical and nursing staff. Consequently, Mrs. Hinojosa-Schroeter contacted the Equal Employment Opportunity ("EEO") office and made a formal

---

[1] When conducting a Fed. R. Civ. P. 12(b)(6) analysis, a court must accept all of the factual allegations in the complaint as true. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

complaint. The next day, COL Clemenshaw and LTC Craig set out to discover her hire date for the purpose of terminating Mrs. Hinojosa-Schroeter during her probationary period.

On May 1, 2018, the Interventional Radiology Department held an Equal Opportunity ("EO") "sensing session." LTC Craig stopped Mrs. Hinojosa-Schroeter from leaving the session and yelled at her, "you stay" and "you filed an EO complaint against me" in front of her staff. The session facilitator told LTC Craig to stop and that his conduct was inappropriate. As a result of that incident, Mrs. Hinojosa-Schroeter amended her complaint of discrimination and reprisal to add these events, but the EEO office refused to allow her to specify the words used by LTC Craig—"you filed an EO complaint against me"—and instructed her to "minimize" the language used to describe the behavior, including any characterization of the conduct as "reprisal per se." Additionally, Mrs. Hinojosa-Schroeter felt such extreme distress that she took Family Medical Leave Act ("FMLA") leave to seek treatment for anxiety, panic, and depression. Mrs. Hinojosa-Schroeter was immediately placed under a physician's care and required to remain on medical leave through July 7, 2018.

On July 2, 2018, LTC Craig and COL Clemenshaw requested assistance from the PM office, asking how to fire someone by mail, including how to collect an employee's blackberry and computer by mail. On July 5, 2018, Mrs. Hinojosa-Schroeter received written notice that her employment was terminated, effective July 7, 2018, for timecard fraud by not obtaining advance approval for "premium hours." Accordingly, Mrs. Hinojosa-Schroeter again amended her EEO complaint to allege that her employment had been terminated after a retaliatory investigation.

**IV. Discussion**

**A. Timeliness**

Defendants contend Mrs. Hinojosa-Schroeter's complaint should be dismissed in its entirety as untimely for failure to comply with the 90-day filing deadline set forth in 29 C.F.R. § 1614.407(a). ECF No. 7 at 6. Their argument is summarized thusly: pursuant to § 2000e-16(c)[2] and the agency regulation implementing that statute, 29 C.F.R. § 1614.407,[3] a plaintiff must file a civil action within ninety days of receipt of notice of final action taken by the Equal Employment Opportunity Commission ("EEOC"). *Id.* at 6. According to Defendants, in this case, the EEOC's final action occurred on July 29, 2019, forty days after the EEOC Administrative Judge ("AJ") entered the order dismissing Mrs. Hinojosa-Schroeter's request for a hearing.[4] *Id.* at 7. Therefore, Defendants argue, the deadline for Mrs. Hinojosa-Schroeter to file her civil action was October 27, 2019 but she did not file her action until October 31, 2019. *Id.*

Defendants underpin their argument with the following timeline. On May 31, 2018, Mrs. Hinojosa-Schroeter made her formal EO complaint. *Id.* at 4. The investigation of Mrs. Hinojosa-Schroeter's formal EO complaint was completed, and a report of investigation was issued on or about December 4, 2018. *Id.* On or about December 10, 2018, Mrs. Schroeter timely requested a hearing of her EEO complaint before an EEOC AJ. *Id.* By letter dated June 13, 2019, Mrs.

---

[2] "Within 90 days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection 717(a) . . . or after one hundred and eighty days from the filing of the initial charge . . . [a complainant] may file a civil action . . . ." 42 U.S.C. § 2000e-16(c).

[3] A complainant who has filed an individual complaint . . . is authorized under title VII . . . file a civil action in an appropriate United States District Court: (a) Within 90 days of receipt of the agency final action on an individual or class complaint; . . . (d) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission." 29 C.F.R. 1614.407.

[4] Defendants characterize the order of the AJ as "dismissing Mrs. Hinojosa-Schroeter's EEO complaint." ECF No. 7 at 4. This is incorrect. The AJ expressly ordered that Mrs. Hinojosa-Schroeter's "request for a hearing is dismissed." ECF No. 7-3 at 1.

Hinojosa-Schroeter notified the EEOC of her intent to file a civil action because it had been more than 180 days since she filed her formal EEO complaint and the agency had not taken final action. *Id.* On June 19, 2019, an EEOC AJ entered an order dismissing Plaintiff's request for a hearing. *See* ECF No. 7-3 at 1. Pursuant to 29 C.F.R. § 1614.109(i), "[i]f an agency does not issue a final order within 40 days of receipt of the administrative judge's decision in accordance with 1614.110,[5] then the decision of the administrative judge shall become the final action of the agency." Thus, Defendants' argue, the EEOC's final action occurred on July 29, 2019, and the ninety-day deadline to file a civil action began. ECF No. 7 at 7.

Mrs. Hinojosa-Schroeter's response cites 29 C.F.R. § 1614.407, apparently for the proposition that there was no final decision by the EEOC and, therefore, she was only constrained by the 180-day waiting period.[6] She does not directly address Defendants' final agency action argument. Rather, she discusses at length the relationship between her exhaustion of administrative remedies and the Court's subject matter jurisdiction. The motion to dismiss does not challenge the Court's jurisdiction; it is brought pursuant to Fed. R. Civ. P. 12(b)(6).

In assessing a motion to dismiss under Rule 12(b)(6), the Court may consider the facts alleged in the complaint and any documents attached to the motion to dismiss referred to in the complaint and central to the plaintiff's claims. *Tellabs Inc.*, 551 U.S. at 322 (2007). Defendants attached to the motion to dismiss the order dismissing Plaintiff's request for a hearing. That order

---

[5] "When an administrative judge has issued a decision under § 1614.109(b), (g) or (i), the agency shall take final action on the complaint by issuing a final order within 40 days of receipt of the hearing file and the administrative judge's decision." 29 C.F.R. § 1614.110.

[6] The regulation provides that "[a] complainant who has filed an individual complaint . . . is authorized under title VII . . . to file a civil action in an appropriate United States District Court . . . (d) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission." 29 C.F.R. § 1614.407.

contains the information necessary to adjudicate the merits of the Defendants' timeliness argument. Accordingly, the Court can address Defendants' timeliness argument on its merits.

At issue here is whether the order entered by the AJ was a "decision" that can automatically become "the final action of the agency" pursuant to 29 C.F.R. § 1614.109(i)[7] and thus, set the point at which the relevant ninety-day filing deadline begins to accrue. The order at issue here is not a decision that can become a final agency action for two reasons. First, the order does not resolve any disputed issues nor does the order deny a right or impose an obligation or fix some legal relationship between the parties. Thus, it is not a decision. Second, final agency actions "shall contain notice of the complainant's right to appeal to the Equal Employment Opportunity Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for appeals and lawsuits." 29 C.F.R. 1614.110. The order issued by the AJ contains no such notice; it states: "Complainant may file her discrimination complaint and pursue litigation in federal court." ECF No. 7-3 at 1. Thus, the order cannot automatically become a final agency action.

---

[7]
> Decisions by administrative judges. Unless the administrative judge makes a written determination that good cause exists for extending the time for issuing a decision, an administrative judge shall issue a decision on the complaint, and shall order appropriate remedies and relief where discrimination is found, within 180 days of receipt by the administrative judge of the complaint file from the agency. The administrative judge shall send copies of the hearing record, including the transcript, and the decision to the parties. If an agency does not issue a final order within 40 days of receipt of the administrative judge's decision in accordance with 1614.110, then the decision of the administrative judge shall become the final action of the agency.

29 C.F.R. § 1614.109(i)

Moreover, the order dismissed Mrs. Hinojosa-Schroeter's request for a hearing "in accordance with 29 C.F.R. § 1614.407(d)."[8] *Id.* This subsection required Mrs. Hinojosa-Schroeter to wait 180 days after she filed her request for a hearing with the EEOC before commencing her civil action. She filed her complaint in this civil action on October 31, 2019, 325 days after she filed her request for a hearing with the EEOC on December 10, 2018.[9] The Court thus concludes that Mrs. Hinojosa-Schroeter's filing of this civil action was timely.

**B. Retaliation**

"A plaintiff establishes a prima facie case of retaliation by showing (i) [s]he engaged in a protected activity, (ii) an adverse employment action occurred, and (iii) there was a causal connection between the protected activity and the adverse employment action." *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 657 (5th Cir. 2012) (citations omitted). At the motion to dismiss stage, a causal connection is adequately pled "when the plaintiff shows that the employment decision and [her] protected activity were not wholly unrelated.'" *Cornelius v. Hewlett Packard Enter. Co.*, Civil Action No. 4:16-CV-887, 2017 WL 4653238, at *3 (E.D. Tex. Oct. 17, 2017).

Mrs. Hinojosa-Schroeter alleges she reported the inappropriate conduct of her first-level supervisor, LTC Craig, to the PM on March 14, 2018; LTC Craig was made aware of her complaint; LTC Craig's conduct then increased in "intensity and frequency;" COL Clemenshaw and LTC Craig sought information about Mrs. Hinojosa-Schroeter's hire date; Mrs. Hinojosa-

---

[8] A complainant who has filed an individual complaint . . . is authorized under title VII . . . to file a civil action in an appropriate United States District Court: . . . (d) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission. 29 C.F.R. 1614.407.

[9] It appears from the briefing that the parties treat Plaintiff's December 10, 2018 request for a hearing before an EEOC Administrative Judge as an administrative appeal. *See* ECF Nos. 1 at 8; 7 at 4. Indeed, the AJ dismissed Plaintiff's request for a hearing pursuant to 29 C.F.R. 1614.407(d). *See* ECF No. 7-3.

Schroeter consulted with an EEO counselor on April 5, 2018; on May 1, 2018, after LTC Craig yelled at her during an "EO sensing session," she amended her EEO complaint and went on FMLA leave; On July 2, 2018, COL Clemenshaw and LTC Craig asked the PM office how to fire someone by mail and on July 5, 2018, Mrs. Hinojosa-Schroeter was terminated.

Construing the Complaint in the light most favorable to Mrs. Hinojosa-Schroeter and construing all reasonable inferences in her favor, the Court concludes Mrs. Hinojosa-Schroeter asserted enough facts to state a claim for retaliation. The focus is not on whether Mrs. Hinojosa-Schroeter will ultimately prevail, but whether she should be permitted to present evidence to support any adequately asserted claims. *See Twombly*, 550 U.S. at 563 n.8. Therefore, Defendants' motion to dismiss Plaintiff's retaliation claim is denied.

**C. Discrimination**

To establish a *prima facie* case of discrimination, a plaintiff must plausibly allege that (1) she is a member of a protected class; (2) she is qualified for the position held; (3) she was subjected to an adverse employment action; and (4) she was replaced by someone outside of her protected class or that others similarly situated were treated more favorably. *Okoye v. Uni. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001).[10]

Mrs. Hinojosa-Schroeter alleges she is an Hispanic female; is qualified for her position as a Supervisory Nurse in the Interventional Radiology Department and had never been counseled or disciplined for any reason until she lodged her complaints; she was terminated; and that a

---

[10]*See also Gilbert v. Brookshire Grocery Co.*, 354 F. App'x 953, 954 (5th Cir. 2009) (per curiam) ("To establish a prima facie case of racial discrimination in employment under Title VII, an employee must demonstrate that (1) he is a member of a protected class, (2) he was qualified for the position at issue, (3) he was subject to an adverse employment action, and (4) others similarly situated, but not in the protected class, were treated more favorably.").

male peer was treated more favorably than she because he was not disciplined for infractions similar to the infraction cited as the reason for her termination.

Defendants argue that Mrs. Hinojosa-Schroeter has not sufficiently identified a comparator to state a claim sufficient to survive a motion to dismiss. The Court disagrees. The focus is not on whether Mrs. Hinojosa-Schroeter will ultimately prevail, but whether she should be permitted to present evidence to support any adequately asserted claims. *See Twombly*, 550 U.S. at 563 n.8. Construing the complaint in the light most favorable to Mrs. Hinojosa-Schroeter and construing all reasonable inferences in her favor, the Court concludes Mrs. Hinojosa-Schroeter plausibly alleged that a similarly situated employee outside her protected class was treated more favorably.

Whether or not the comparator is a similarly situated employee for the purpose of proving her discrimination claim may or may not be borne out through discovery and may or may not be decided in a later dispositive motion or at trial. At the present motion to dismiss phase, the Court finds Mrs. Hinojosa-Schroeter has sufficiently alleged a plausible discrimination claim. Therefore, Defendants' motion to dismiss Plaintiff's discrimination claim is denied.

**D. Intentional Infliction of Emotional Distress**

Under Texas law, intentional infliction of emotional distress has four elements: (1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the emotional distress suffered by the plaintiff was severe. *Mattix Hill v. Reck*, 923 S.W.2d 596, 597 (Tex. 1996) (citing *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex.1993)). The defendant's conduct must have been "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."

*Twyman*, 855 S.W.2d at 621; *Hirras v. Nat'l R.R. Passenger Corp.*, 95 F.3d 396, 400 (5th Cir. 1996).

Mrs. Hinojosa-Schroeter alleges LTC Craig acted intentionally and recklessly when his conduct of yelling and intimidation increased in intensity and frequency after she reported this conduct to the PM; the conduct was extreme and outrageous because LTC yelled at her and made her cry in front of other employees including her subordinates; and that her severe emotional distress is evidenced by her taking FMLA leave and being immediately placed under the care of a physician who required her to remain on medical leave for at least two months.

Defendants argue the intentional infliction of emotional distress claim should be dismissed for failure to state a claim because Mrs. Hinojosa-Schroeter fails to assert the egregious conduct necessary to recover and because damages are available only when no other remedy is available.

Intentional infliction of emotional distress is a "gap-filler" tort that was "judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Standard Fruit and Vegetable Co. v. Johnson*, 985 S.W.2d 62, 68 (Tex. 1998); *Hoffmann-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004). This cause of action is "never intended to supplant or duplicate existing statutory or common-law remedies." *Toronka v. Cont'l Airlines, Inc.*, 649 F. Supp. 2d 608, 612-13 (S.D. Tex. 2009) (quoting *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005)).

Mrs. Hinojosa-Schroeter bases her claim for intentional infliction of emotional distress on the same underlying conduct and facts as the other claims under which she seeks to recover. Thus, upon construing the facts asserted in the complaint in the light most favorable to Mrs.

Hinojosa-Schroeter and upon drawing all reasonable inferences in her favor, the Court concludes Mrs. Hinojosa-Schroeter cannot assert facts to support a claim for intentional infliction of emotional distress. Even if Mrs. Hinojosa-Schroeter were allowed to re-plead, she cannot assert an intentional infliction of emotional distress claim, as it is based on the same underlying conduct as her claim for discrimination. Therefore, Mrs. Hinojosa-Schroeter's intentional infliction of emotional distress claim is dismissed.

## V. Conclusion

For the reasons set forth above, the Court GRANTS in part and DENIES in part Defendant Secretary of the Army's Motion to Dismiss. ECF No. 7. Plaintiff's discrimination and retaliation claims shall proceed. Plaintiff's intentional infliction of emotional distress claim is dismissed.

It is so ORDERED.

SIGNED this 25th day of September 2020.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE